# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**BLAKUS FRANSHAW HENDRIX**                  **PETITIONER**

V.                                                             **NO. 1:14CV173-GHD-SAA**

**THE STATE OF MISSISSIPPI, ET AL.**                 **RESPONDENTS**

## ORDER OF DISMISSAL

Petitioner, Blakus Franshaw Hendrix, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his 2008 guilty plea and sentence for sexual battery. For the following reasons, the Court finds that the petition should be dismissed.

In his federal habeas petition, Hendrix states that he did not seek any review of his plea and sentence in State court until June 18, 2014, and he concedes that he has never presented his federal habeas claims to the Mississippi Supreme Court. After reviewing the petition, the Court entered an order requiring Hendrix to show cause why this action should not be dismissed, as Hendrix failed to first present his claims to the State's highest court, and he failed to file his federal habeas petition within one year of the date on which the State court judgment became final. *See* 28 U.S. C. § 2244(d)(1); 28 U.S.C. § 2254(b).

After the Court entered its order to show cause, Hendrix submitted additional documents to the Court demonstrating that his post-release supervision on the sexual battery charge was revoked in April 2014 following, among other violations of the terms of post-release supervision, Hendrix's indictment for Cyberstalking. *See* ECF No. 10. After this revocation, Hendrix challenged his sexual battery conviction in a motion for post-conviction relief that was rejected

by the Circuit Court of Lowndes County in September 2014. *See, e.g.*, ECF No. 5, pp. 16-18. In the order dismissing Hendrix's post-conviction petition, the circuit court ordered that, "in the event the Petitioner wishes to appeal this order, the Circuit Clerk is ordered to include the Petitioner's corresponding criminal cause, in its entirety, in the record on appeal." *See id.* at 18.

Hendrix claims that he was unaware that he had to pursue relief with the Mississippi Supreme Court in order to pursue federal habeas remedies and asks the Court not to dismiss his petition. However, exhaustion is required before the Court may consider Hendrix's federal claims. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) ("Applicants seeking habeas relief [] are required to exhaust all claims in state court **prior to** requesting federal collateral relief.") (emphasis added). Because Hendrix has failed to present good cause for the Court to stay the petition and hold it in abeyance pending his return to State court to exhaust his remedies, the Court will not stay the instant case. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (holding that a federal court may hold an unexhausted petition in abeyance while the petitioner exhausts his state court remedies, provided "good cause" is shown for the failure to exhaust, "the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

Therefore, the current petition is not exhausted, and it is **DISMISSED** without prejudice. A separate final judgment will issue today.

**SO ORDERED** this the 30 day of October, 2014.

*[signature]*
**SENIOR U.S. DISTRICT JUDGE**

2